## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**AERSALE, INC.,**

>*Defendant/Third-Party Plaintiff*,

**24-cv-980 GJF/KRS**

**v.**                                    Civil Action No. 2:22-cv-00857

**AVIATION PERSONNEL, LLC, ELWOOD STAFFING**
**SERVICES, INC., G-FORCE AIRCRAFT MAINTENANCE,**
**INC., HIRE AVIATION STAFFING SOLUTIONS, LLC,**
**P S D PROFESSIONAL SERVICES DEVELOPMENT**
**INC., and STROM AVIATION, INC.**

>*Third-Party Defendants*.

### DEFENDANT/THIRD-PARTY PLAINTIFF
### AERSALE, INC.'S COMPLAINT AGAINST THIRD-PARTY DEFENDANTS

Defendant/Third-Party Plaintiff, AERSALE, INC. ("Third-Party Plaintiff" or "AerSale"), by and through its undersigned counsel, hereby brings this Third-Party Complaint against Third-Party Defendants, AVIATION PERSONNEL, LLC ("Aviation Personnel"), ELWOOD STAFFING SERVICES, INC. ("Elwood Staffing"), G-FORCE AIRCRAFT MAINTENANCE, INC. ("G-Force"), HIRE AVIATION STAFFING SOLUTIONS, LLC ("Hire Aviation"), PSD PROFESSIONAL SERVICES DEVELOPMENT ("PSD"), and STROM AVIATION, INC. ("Strom"), (collectively, "Third-Party Defendants"), and alleges as follows:

### INTRODUCTION

1.    This is an action for breach of contract, contribution, and indemnification against Aviation Personnel, Elwood Staffing, G-Force, Hire Aviation PSD, and Strom, relating to a claim for unpaid overtime brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*

("FLSA"), and the New Mexico Minimum Wage Act ("NMMWA"), filed by Will Cruz, and others similarly situated, against Third-Party Plaintiff (the "Complaint").[1]

<u>THE PARTIES</u>

2.      AerSale, Inc. is a Florida corporation doing business in the State of New Mexico, and is engaged in the business of providing maintenance, repair, and overhaul (MRO) services on aircraft and their components.

3.      Will Cruz ("Cruz") is an adult male citizen of the State of New Mexico and resided in the State of New Mexico at all times relevant.

4.      Aviation Personnel, LLC is a Texas limited liability company that is engaged in the business of providing aviation staffing services to its clients, such as AerSale. Its registered office in the state of incorporation is 4756 Highway 377 South, Fort Worth, TX 76116.  Aviation Personnel may be served through its registered agent, Registered Agent Solutions, Inc., 206 S. Coronado Ave., Espanola, New Mexico 87532 or its registered agent, Tom Laker, at 4756 Highway 377 South, Fort Worth, Texas 76116.

5.      Aviation Personnel entered into a Services Agreement for Aviation Contract Employment with AerSale to provide staffing services for aviation projects at AerSales' New Mexico facilities and elsewhere.

6.      Elwood Staffing Solutions, Inc. is an Indiana corporation that is engaged in the business of providing aviation staffing services to its clients, such as AerSale. Its principal place of business is located at 4111 Central Avenue, Columbus, Indiana 47203, and its principal place of business in New Mexico is located at 4801 N. Butler Avenue, Suite 6101, Farmington, New

---

[1] All references to Cruz's Complaint stated herein refer to the allegations by Cruz, individually, and on behalf of all others similarly situated and who have joined, or may by joined, as part of a class or collective action as alleged in Cruz's First Amended Class/Collective Action Complaint. Doc. 61, First Am. Class/Collective Action Compl.

Mexico. Elwood Staffing may be served through its registered agent, Corporation Service Company, 110 E. Broadway Street, Hobbs, New Mexico 88240.

7.      Elwood Staffing entered into a Client Agreement with AerSale to provide staffing services for aviation projects at AerSale's New Mexico facilities and elsewhere.

8.      G-Force Aircraft Maintenance, Inc., is a Florida corporation that is engaged in the business of providing aviation staffing services to its clients, such as AerSale. Its principal place of business is located at 6301 NW 5th Way, Suite 2050, Fort Lauderdale, Florida 33309.  G-Force may be served through its registered agent, McDonald & McDonald, 5600 NW 36 St., Suite 100, Miami, Florida 33166.

9.      G-Force entered into a Staffing Services Agreement with AerSale to provide staffing services for aviation projects at AerSale's New Mexico facilities and elsewhere.

10.     Hire Aviation Staffing Solutions, LLC is a Tennessee limited liability company that is engaged in the business of providing aviation staffing services to its clients, such as AerSale. Its principal place of business is located at 5617 E. Overall Creek Road, Rockvale, Tennessee.  Hire Aviation may be served through its registered agent, Cogency Global Inc., 992 Davidson Dr., Ste. B, Nashville, Tennessee 37205.

11.     Hire Aviation entered into a Staffing Services Agreement with AerSale to provide staffing services for aviation projects at AerSale's New Mexico facilities and elsewhere.

12.     PSD Professional Services Development Inc., is a Florida corporation that is engaged in the business of providing aviation staffing services to its clients, such as AerSale. Its principal place of business and registered agent, through which it may be served, are located at 8542 NW 47th Dr., Coral Springs, Florida 33067.

13.     PSD entered into a Staffing Services Agreement with AerSale to provide staffing services for aviation projects at AerSale's New Mexico facilities and elsewhere.

14.     Strom Aviation, Inc., is a Florida corporation that is engaged in the business of providing aviation staffing services to its clients, such as AerSale. Its principal place of business is located at 3575 Lone Star Circle, Suite 110, Fort Worth, Texas 76177.  Strom may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

15.     Strom entered into a Staffing Services Agreement with AerSale to provide staffing services for aviation projects at AerSale's New Mexico facilities and elsewhere.

## JURISDICTION

16.     The Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and the FLSA.

17.     The Court has the power to exercise supplemental jurisdiction over Third-Party Plaintiff's claims pursuant to 29 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

18.     On or about November 10, 2022, Plaintiff Cruz filed a Complaint in the United States District Court, District of New Mexico, on behalf of himself and others similarly situated (collectively, the "Plaintiffs"), against Third-Party Plaintiff claiming that he is a former employee of AerSale. Cruz seeks to recover alleged unpaid overtime wages under the FLSA and NMMWA, including liquidated damages, treble damages, prejudgment interest, penalties, costs and attorneys' fees.

19.     AerSale and Aviation Personnel entered into a Services Agreement for Aviation Contract Employment executed on July 24, 2012 ("Aviation Personnel Agreement"). A true and correct copy of the Aviation Personnel Agreement is attached hereto as **Exhibit 1**.

20.     Pursuant to the terms of the Aviation Personnel Agreement, Aviation Personnel contracted to provide contract employees to work at AerSale's work sites. *Id.*

21.     In the Aviation Personnel Agreement, Aviation Personnel contractually agreed that it was responsible for furnishing all taxes, and insurance, including worker's compensation and employer's liability insurance, for any of the contract employees it placed at AerSale. *Id.*

22.     Aviation Personnel further contractually agreed to lawfully employ and be responsible for all pay, withholdings, and payroll taxes, for the contract employees it provided. *Id*.

23.     Aviation Personnel was exclusively responsible for the payment of wages to the contract employees it provided pursuant to the Aviation Personnel Agreement. *Id*. As the contract employees' employer, Aviation Personnel was responsible for the payment of all overtime wages for services performed.

24.     AerSale and Elwood Staffing entered into a Client Agreement executed on June 15, 2015 ("Elwood Staffing Agreement"). A true and correct copy of the Elwood Staffing Agreement is attached hereto as **Exhibit 2**.

25.     Pursuant to the terms of the Elwood Staffing Agreement, Elwood Staffing contracted to provide temporary associates to work at AerSale's work sites. *Id.*

26.     In the Elwood Staffing Agreement, Elwood Staffing contractually agreed that it was responsible for furnishing all taxes, and insurance, including worker's compensation and employer's liability insurance, for any of the temporary associates it placed at AerSale. *Id.*

27.    Elwood Staffing further contractually agreed to lawfully employ and be responsible for all pay, withholdings, and payroll taxes, for the temporary associates it provided. *Id*.

28.    Elwood Staffing was exclusively responsible for the payment of wages to the temporary associates it provided pursuant to the Elwood Staffing Agreement. *Id*. As the temporary associates' employer, Elwood Staffing was responsible for the payment of all overtime wages for services performed.

29.    Pursuant to the Elwood Staffing Agreement, Elwood Staffing contractually agreed to "defend, indemnify and hold [AerSale] and its parent, subsidiaries, directors, officers, agents, representatives, and employees harmless from all claims, losses, and liabilities…caused by Elwood Staffing's breach of [the Elwood Staffing Agreement], [or] its failure to discharge its duties and responsibilities" stated in the Elwood Staffing Agreement.

30.    AerSale and G-Force entered into a Staffing Services Agreement executed on September 14, 2023 ("the G-Force Agreement"). A true and correct copy of the G-Force Agreement is attached hereto as **Exhibit 3**.

31.    AerSale and Hire Aviation entered into a Staffing Services Agreement executed on March 4, 2021 ("the Hire Aviation Agreement").[2] A true and correct copy of the Hire Aviation Agreement is attached hereto as **Exhibit 4**.

32.    AerSale and PSD entered into a Staffing Services Agreement executed on February 7, 2020 ("the PSD Agreement"). A true and correct copy of the PSD Agreement is attached hereto as **Exhibit 5**.

---

[2] The Hire Aviation Agreement is entered into between AerSale and "Traincroft, Inc. d/b/a Hire Aviation" with its principal office located at 5617 E. Overall Creek Road, Rockvale, Tennessee 37153.  Hire Aviation Staffing Solutions, LLC is listed on the Tennessee Secretary of State with the same principal office location and is a division of Traincroft, Inc.

33.     AerSale and Strom entered into a Staffing Services Agreement executed on May 21, 2020 ("the Strom Agreement"). A true and correct copy of the Strom Agreement is attached hereto as **Exhibit 6**.

34.     Pursuant to the terms of the G-Force Agreement, Hire Aviation Agreement, PSD Agreement, and Strom Agreement (collectively, the "Staffing Agreements"), G-Force, Hire Aviation, PSD, and Strom (collectively, the "Vendor Third-Party Defendants") were contracted to perform staffing services for AerSale. *See* Ex. 3-6**.**

35.     In the Staffing Agreements, the Vendor Third-Party Defendants contractually agreed that they were each responsible for furnishing all taxes, and insurance, including worker's compensation and employer's liability insurance, for any of the personnel that they individually sourced and placed at AerSale. *Id.*

36.     The Vendor Third-Party Defendants further contractually agreed to lawfully employ and be responsible for all pay, withholdings, and payroll taxes, for the personnel each provided. *Id*.

37.     The Vendor Third-Party Defendants were each exclusively responsible for the payment of wages to the personnel each provided, including the payment of all overtime wages for services performed pursuant to the Staffing Agreements. *Id.*

38.     Pursuant to the Staffing Agreements, each of the Vendor Third-Party Defendants contractually agreed to "defend, indemnify, and hold [AerSale] and its parent, subsidiaries, directors, officers, agents, representatives, and employees harmless from all claims, losses, and liabilities…to the extent caused by [its] breach of this Agreement; [or] its failure to discharge its duties and responsibilities" stated in the Staffing Agreements.[3] *See* Exhibits 4-6*.*

---

[3] The G-Force Staffing Agreement's indemnification provision is worded slightly different, but with the same force and effect as the other Staffing Agreements.  *See* Ex. 3 ("[G-Force] will defend, indemnify, and hold [AerSale] and

39.     Cruz purports to bring claims on behalf of himself and others similarly situated (the "Potential Putative Class"). The Potential Putative Class members are employees and former employees of Aviation Personnel, Elwood Staffing, and the Vendor Third-Party Defendants, who Aviation Personnel, Elwood Staffing, and the Vendor Third-Party Defendants employed and assigned to provide aviation-related services on projects for AerSale.

40.     The FLSA and NMMWA claims asserted by Cruz against Third-Party Plaintiff are within the scope of the indemnification provisions within the Staffing Agreements and within the scope of the contractual obligations of the Aviation Personnel Agreement and Elwood Staffing Agreement.

41.     The Vendor Third-Party Defendants, Aviation Personnel, and Elwood Staffing have failed to assume liability, indemnify, defend, and hold harmless AerSale from, and against, liability and all loss, costs, damages, expenses, including court costs, reasonable attorney fees incurred from any claim, action, demand, loss, liability, damage, or expense arising in any way from the performance of services and related activities by the Potential Putative Class Members.

42.     Third-Party Plaintiff was required to retain the undersigned law firm to represent it in this action. Third-Party Plaintiff is obligated to pay its counsel's reasonable attorneys' fees, costs and expenses.

COUNT I – BREACH OF CONTRACT AGAINST ALL THIRD-PARTY DEFENDANTS

43.     Third-Party Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 42 above, as if fully set forth herein.

44.     Pursuant to the Staffing Agreements, the Aviation Personnel Agreement, and the Elwood Staffing Agreement (collectively, the "Agreements") between Third-Party Plaintiff and

---

its parent, subsidiaries, directors, officers, agents, representatives, and employees harmless from all any [sic] and all claims, losses, causes of action, lawsuits, investigation and liabilities…arising from [its]…breach of this Agreement or [its] failure to discharge its duties…").

Third-Party Defendants, that the Third-Party Defendants would employ individuals to provide services for Third-Party Plaintiff, the Third-Party Defendants were required to comply with all applicable legal requirements, including but not limited to compensating their employees in accordance with all applicable federal and state wage and hour laws, which include paying its employees overtime wages for any time worked in excess of 40 hours per week.

45.    Third-Party Plaintiff asserts that in the event Third-Party Defendants did not pay Plaintiffs overtime wages for any hours worked in excess of 40 hours per week, Third-Party Defendants breached their Agreements with Third-Party Plaintiff to comply with all applicable legal requirements, including ensuring compliance with all applicable wage and hour laws.

46.    Third-Party Defendants have also failed to assume liability, indemnify, defend, and hold harmless Third-Party Plaintiff from, and against, liability and all loss, costs, damages, expense, including court costs, reasonable attorney fees incurred from any claim, action, demand, loss, liability, damage, or expense arising in any way from the performance of services and related activities by Launch's employee, Cruz, and others similarly situated.

47.    As a result of the aforesaid breach, Third-Party Plaintiff has incurred damages.

48.    The aforesaid breach was the proximate cause of damages incurred by Third-Party Plaintiff.

COUNT II – CONTRIBUTION AGAINST ALL THIRD-PARTY DEFENDANTS

49.    Third-Party Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 42 above, as if fully set forth herein.

50.    Third-Party Plaintiff contends that it is in no way legally responsible for the damages alleged in Cruz's Complaint. However, if as a result of the matters alleged in Cruz's Complaint, Third-Party Plaintiff is held liable for all or any part of Cruz's alleged damages, then

Third-Party Defendants are obligated to reimburse and are liable to Third-Party Plaintiff for all or any liability so assessed by way of contribution.

51.      Accordingly, Third-Party Plaintiff asserts its right to contribution.

COUNT III – CONTRACTUAL INDEMNIFICATION AGAINST
VENDOR THIRD-PARTY DEFENDANTS AND ELWOOD STAFFING

52.      Third-Party Plaintiff re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 42 above, as if fully set forth herein.

53.      The Staffing Agreements attached hereto as **Exhibits 3 - 6** constitute enforceable contracts between Third-Party Plaintiff and Vendor Third-Party Defendants.

54.      Third-Party Plaintiff has fulfilled all of its obligations under the Staffing Agreements.

55.      To date, Vendor Third-Party Defendants have failed to indemnify Third-Party Plaintiff from the claims, actions, demands, losses, liability, damages, and expenses arising from Vendor Third-Party Defendants' employees' performance of services and related activities in connection with the FLSA and NMMWA claims in Cruz's Complaint.

56.      The Elwood Staffing Agreement attached hereto as **Exhibit 2** constitutes an enforceable contract between Third-Party Plaintiff and Elwood Staffing.

57.      Third-Party Plaintiff has fulfilled all of its obligations under the Elwood Staffing Agreement.

58.      To date, Elwood Staffing has failed to indemnify Third-Party Plaintiff from the claims, actions, demands, losses, liability, damages, and expenses arising from Elwood Staffing's employees' performance of services and related activities in connection with the FLSA and NMMWA claims in Cruz's Complaint

10

59.     As a result, Third-Party Plaintiff has suffered and will continue to suffer losses in the form of costs and attorney's fees associated with defending against Cruz's Complaint.

60.     Based on the indemnification provisions in the Staffing Agreements and the Elwood Staffing Agreement, Vendor Third-Party Defendants and Elwood Staffing must each defend, indemnify, and hold harmless Third-Party Plaintiff for: (1) all costs of defense, including costs and attorneys' fees incurred by Third-Party Plaintiff in connection with Cruz's Complaint; and (2) all damages, judgments, or other awards that Third-Party Plaintiff may be compelled to pay as a result of Cruz's Complaint, including unpaid wages and overtime compensation, back pay, non-economic damages, liquidated damages, equitable relief, penalties, pre-and-post-judgment interest, and costs and reasonable attorneys' fees.

PRAYER

WHEREFORE, Third-Party Plaintiff AerSale, Inc. demands judgment against Third-Party Defendants Aviation Personnel, LLC, Elwood Staffing Services, Inc., G-Force Aircraft Maintenance, Inc., Hire Aviation Staffing Solutions, LLC, PSD Professional Services Development, and Strom Aviation, Inc. for: (1) all costs of defense, including costs and attorneys' fees incurred by Third-Party Plaintiff in connection with Cruz's Complaint; (2) all damages, judgments, or other awards that Third-Party Plaintiff may be compelled to pay as a result of Cruz's Complaint, including unpaid wages and overtime compensation, back pay, non-economic damages, liquidated damages, equitable relief, penalties, pre-and-post-judgment interest, and costs and reasonable attorneys' fees; and (3) all costs and attorneys' fees incurred by Third-Party Plaintiff in having to bring this action to enforce the: (i) indemnification provisions in the Staffing Agreements and Elwood Staffing Agreement, and (ii) contractual terms of the Aviation Personnel Agreement.

DATED this 3rd day of June 2024.

Respectfully submitted,

JACKSON LEWIS P.C.

By  */s/ Michael J. DePonte*
     Michael J. DePonte
     Nicholé M. Plagens
     JACKSON LEWIS P.C.
     500 N. Akard St., Suite 2500
     Dallas, Texas 75201
     Phone: (972) 728-3307
     Facsimile: (214) 520-2008
     michael.deponte@jacksonlewis.com
     nichole.plagens@jacksonlewis.com

     **ATTORNEYS FOR DEFENDANT/
     THIRD-PARTY PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 3rd day of June 2024, a true and correct copy of the foregoing has been filed with the Court by using the CM/ECF system and a copy will also be sent via e-mail to:

Rex Burch, Esq.
David I. Moulton
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, TX  77046
(713) 877-8788 (T)
rburch@brucknerburch.com
dmoulton@brucknerburch.com

Michael A. Josephson, Esq.
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, TX  77046
(713) 352-1100 (T)
mjosephson@mybackwages.com

ATTORNEYS FOR PLAINTIFF


Adam C. Smedstad
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
5470 Shilshole Avenue NW, Suite 520
Seattle, WA 98107
asmedstad@scopelitis.com
(206) 288-6192 (T)

ATTORNEYS FOR THIRD-PARTY DEFENDANT


                                        */s/Michael J. DePonte*
                                        Michael J. DePonte