UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

AERSALE, INC.,

    Plaintiff,

v.                                                                       Civ. No. 24-980 GJF/KRS

AVIATION PERSONNEL, LLC, G-FORCE AIRCRAFT
MAINTENANCE, INC., HIRE AVIATION STAFFING
SOLUTIONS, LLC, and PSD PROFESSIONAL SERVICES
DEVELOPMENT, INC.,

    Defendants.

## ORDER ON MOTIONS TO DISMISS

THIS MATTER is before the Court on Hire Aviation Staffing Solutions, LLC's ("Hire") Motion to Dismiss and Compel Arbitration [ECF 3]; PSD Professional Services Development, Inc.'s ("PSD") Motion to Dismiss and Compel Arbitration [ECF 13]; G-Force Aircraft Maintenance, Inc.'s ("G-Force") Motion to Dismiss, or in the Alternative, Motion to Transfer Venue [ECF 22]; and AerSale, Inc. ("AerSale") and PSD's Joint Stipulation and Unopposed Motion to Stay Defendant/Third-Party Plaintiff's Complaint as to Third-Party Defendant PSD Pending Completion of Arbitration [ECF 24]. The Court held oral argument on April 11, 2025, primarily to seek the parties' input on jurisdictional issues facing this case. ECF 58, 61.  For the reasons articulated at the hearing as well as those set forth below, the Court:  (1) denies Hire's Motion to the extent that it seeks *dismissal* of AerSale's claims while those claims are being arbitrated, but grants the Motion to the extent that it seeks a stay of AerSale's claims against it while those claims are being arbitrated; (2) grants AerSale and PSD's Joint Motion to Stay while the parties arbitrate AerSale's claims against PSD; (3) denies PSD's Motion to Dismiss and Compel Arbitration as moot; and (4) takes under advisement G-Force's Motion for at least thirty days.

The origin of this litigation dates back to November 10, 2022, when Will Cruz filed a class and collective action complaint accusing AerSale of failing to pay him and other similarly situated employees the overtime to which they claim entitlement under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"). ECF 1 (22cv857); *see* ECF 61 (22cv857) (amended complaint).[1] Federal question, diversity, and supplemental jurisdiction existed for each of Cruz's class and collective causes of action. *See* ECF 61 at 1–2 (22cv857); 28 U.S.C. §§ 1331, 1332(d) (diversity jurisdiction over class action complaints), and § 1367 (supplemental jurisdiction over state law claims arising from common nucleus of relevant facts that gave rise to federal claim).

AerSale answered [ECFs 6 and 13 (22cv857)] and promptly filed a third-party complaint against Launch Technical Workforce Solutions, LLC, one of AerSale's staffing partners. 22cv857, ECF 16. Without objection, the Court ordered AerSale and Launch to arbitration and stayed AerSale's claims against Launch in the meantime. ECF 49 at 5 n.3 and 26-27 (22cv857). Some sixteen months later, AerSale filed a second third-party complaint, this time bringing similar claims for indemnity and contribution against six more of its staffing partners. ECF 66 (22cv857). AerSale voluntarily dismissed its third-party claims against Elwood Staffing Services, Inc. ECF 75 (22cv857). In addition, the Court granted AerSale and Strom Aviation, Inc.'s joint motion [ECF 103 (22cv857)] to stay the third-party complaint as against Strom pending completion of arbitration. ECF 115 (22cv857) (order granting joint motion). AerSale's third-party claims against Aviation Personnel, LLC, G-Force, Hire, and PSD suffered a different fate, however, when the Court severed those claims from the Cruz litigation and ordered them to

---

[1] Docket entries in the original case brought by Cruz against AerSale are denoted by "(22cv857)" in the citation. Docket entries from the present case brought by AerSale against the staffing companies contain no such parenthetical.

proceed under a new case number altogether. ECF 114 (22cv857).[2]

At the hearing, the Court solicited the parties' views on the question of whether the Court now has subject matter jurisdiction in this particular case. AerSale contends that there is federal question jurisdiction because its state law contractual claims hinge on the interpretation of the FLSA. *See* ECF 61 at 5.[3] Hire and PSD do not materially disagree. For its part, however, G-Force argues that this Court lacks federal question jurisdiction because the state law contractual claims can be resolved without a unique interpretation of the FLSA. *See id.*

The Federal Arbitration Act ("FAA") expresses the federal policy in favor of arbitration. 9 U.S.C. § 1; *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62 (1995). A federal court does not, however, acquire subject matter jurisdiction merely because a litigant invokes the FAA. *Vaden v. Discovery Bank*, 556 U.S. 49, 62 (2009). Indeed, the FAA requires that federal courts have subject matter jurisdiction, pursuant to Title 28 of the United States Code, over the parties' underlying dispute in order to compel them to arbitration. *Id.* at 62–63 (interpreting 9 U.S.C. § 4). Similarly, a federal court needs subject matter jurisdiction over the underlying dispute to appoint an arbitrator or to hear challenges to an arbitrator's award. *See* 9 U.S.C. §§ 5, 9–11; *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024); *Badgerow v. Walters*, 596 U.S. 1, 8 (2022). It is not as clear whether a federal court needs subject matter jurisdiction over an underlying dispute to *stay* the case, so long as that court is not also compelling the parties to participate in arbitration. *See* 9 U.S.C. § 3; *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 630 (2009) ("Section 3, in turn, allows litigants already in federal court to enforce agreements made enforceable by [the FAA].").

---

[2] AerSale has since voluntarily dismissed its claims against Aviation Personnel, LLC. ECF 45. Consequently, only G-Force, Hire, and PSD remain as third-party defendants in this case.

[3] AerSale acknowledges that diversity jurisdiction does not apply to this case and agrees that supplemental jurisdiction no longer applies following the Court's order of severance. ECF 61 at 3.

The Court is aware that some district courts have interpreted Section 3 of the FAA to require subject matter jurisdiction over the underlying dispute to issue a stay. *See Happe v. Block, Inc.*, 24-CV-622 MTS, 2024 WL 2846682, at *1 (E.D. Mo. June 5, 2024) ("before the Court can determine whether to stay the proceedings here pursuant to 9 U.S.C. § 3 and the parties' Joint Motion to Stay, the Court must be assured that it has diversity jurisdiction"); *Sternberg Hosp., LLC, v. Steakhouse LLC*, 19-CV-948 LMB/JFA, 2019 WL 13251551, at *1–2 (E.D. Va. Oct. 3, 2019) (reasoning that dismissal without prejudice, as opposed to a § 3 stay, is appropriate when the plaintiff failed to meet its burden of establishing subject matter jurisdiction). Additionally, the Supreme Court recently explained that the FAA envisions that district courts will occupy supervisory roles over arbitration, and courts need subject matter jurisdiction over the underlying dispute to do so. *See Smith v. Spizzirri*, 601 U.S. 472, 475–79 (2024).

The Court is also mindful of its inherent docket management authority to efficiently and expeditiously resolve disputes, which ordinarily grants the Court the power to stay cases before it. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *Ed Tobergte Assoc., Inc. v. Zide Sport Shop of Ohio, Inc.*, 83 F. Supp. 2d 1197, 1198 (D. Kan. 1999) ("As part of the inherent power to control its docket, the district court has the power to stay proceedings pending before it."); *Franklin v. Merck & Co., Inc.*, 06-CV-2164 WYD/BNB, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) ("the power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

The Court agrees with counsel that staying AerSale's claims against Hire and PSD[4] and

---

[4] This Order does not stay AerSale's claims against G-Force because G-Force did not request a stay. ECF 22. AerSale and G-Force represented to the Court that they are nearing a settlement. ECF 61 at 3–5. Accordingly, G-Force's Motion to Dismiss or Transfer Venue [ECF 22] remains under consideration.

deferring a decision on subject matter jurisdiction is the best way to efficiently and expeditiously resolve those claims. *See Dietz*, 579 U.S. at 7. At the hearing, AerSale, Hire, and PSD expressed a joint desire to resolve their disputes through settlement or arbitration, and all three acknowledged their obligation to participate in arbitration. *See* ECF 61. Moreover, they represented that they want this Court to hear any potential challenges to an arbitrator's award because this Court has familiarity over the underlying dispute, and the parties would otherwise have to needlessly expend legal fees getting another court up to speed. *See id.*

At this point in the litigation, the Court does not express a definite view on the existence of subject matter jurisdiction and will expressly reserve that question pending the outcome of the arbitrations of AerSale's claims against Hire and PSD. If a party challenges the arbitrator's decision, the Court will have to determine whether it has subject matter jurisdiction over the underlying dispute. *See Badgerow*, 596 U.S. at 8. Until then, it is in the best interest of those parties for the Court to stay AerSale's claims against Hire and PSD to allow them to arbitrate.[5]

**IT IS THEREFORE ORDERED** that Hire's Motion to Dismiss and Compel Arbitration [ECF 3] is **DENIED** to the extent that it seeks *dismissal* of AerSale's claims while those claims are being arbitrated, but is **GRANTED** to the extent that it seeks a stay of AerSale's claims against it while those claims are being arbitrated. AerSale's claims against Hire are **HEREBY STAYED**.

**IT IS FURTHER ORDERED** that AerSale and PSD's Joint Motion and Unopposed Motion to Stay [ECF 24] is **GRANTED**, AerSale's claims against PSD are **HEREBY STAYED**, and PSD's Motion to Dismiss and Compel Arbitration [ECF 13] is **DENIED** as moot.

---

[5] As for G-Force's Motion to Dismiss or Transfer Venue, the Court has taken that matter under advisement for at least thirty days.

**IT IS FINALLY ORDERED** that G-Force's Motion to Dismiss or Transfer Venue [ECF 22] is taken under advisement for at least thirty days.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*